IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENNITH DEWAYNE LEE
VAN BUREN,

        Plaintiff,

v.                                                       Case 2:13-cv-02092-JDT-cgc

TENNESSEE DEPARTMENT OF
HUMAN SERVICES AND
MICHELLE WALDROP,

        Defendants.

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING
PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY
PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

Before the Court is Plaintiff Kennith DeWayne Lee Van Buren's pro se Complaint (Docket Entry "D.E." #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis (D.E. #5). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #6). For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**I. Background**

On February 11, 2013, Plaintiff filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") ("Complaint"). Plaintiff alleges that the Tennessee Department of

Human Services ("DHS") and Michelle Waldrop ("Waldrop"), Assistant Commissioner of Appeals and Hearings at DHS discriminated against him in its administration of the food stamp program. (Compl. at 2). Specifically, Plaintiff states that he has been "personally singled out to be continuously [harassed] and intimidated" and "discriminated against" on a continuous basis since his original application for food stamp assistance. (*Id.*) Plaintiff alleges that his monthly "approved funds" are "continuously tampered with" and that this is "unwarranted" because "others of other races are allowed to receive assistance without interference." (*Id.*) Plaintiff states that he is seeking "restitution" in the amount of $25,000.00 for "punitive [and] hardship damages." (*Id.* at 3).

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.

1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Plaintiff's sole claim is that he suffered discrimination in the application of Tennessee's food stamp program, which he seeks to redress pursuant to Section 1983. To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Section 1983 itself "creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).

Plaintiff does not allege what right secured by the Constitution or laws of the United States he believes was violated. Regardless, the United States Supreme Court concluded in *Edelman v. Jordan*, 415 U.S. 651 (1974), that the Eleventh Amendment to the United States Constitution bars awards of retroactive benefits alleged to have been wrongfully withheld. *Id*. at 678. Specifically, the Eleventh Amendment provides as follows: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

3

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens," the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman*, 415 U.S. at 662-63. "It is also well established that even though a State is not named a party to the action, the suit may be barred by the Eleventh Amendment." *Id*. at 663. "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual defendants are nominal defendants." *Id*. (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)). "Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id*. While the Supreme Court has distinguished certain types of prospective future relief, the *Edelman* Court squarely held that retrospective relief sought against a State in the form of damages, even when arguably deemed "equitable restitution," are barred by the Eleventh Amendment. *Id*. at 678.

In the instant case, Plaintiff alleges that he is a citizen of Tennessee. (Compl. at 2). Plaintiff seeks to bring a suit against DHS, a department of the State of Tennessee, and Waldrop, an official of the State of Tennessee. (*Id.*) Plaintiff seeks $25,000.00 in retrospective "restitution" and "damages" effectively from the State of Tennessee. Such a claim is barred by the Eleventh Amendment of the United States Constitution. Accordingly, it is recommended that Plaintiff's Complaint fails to state a claim for which relief may be granted and that Plaintiff's Complaint be dismissed pursuant to Section 1915.

**III. Certification of Appealability**

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma

5

pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 28th day of October, 2013.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**