IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KENNITH DEWAYNE LEE VAN BUREN, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 13-2092-JDT-cgc |
| TENNESSEE DEPARTMENT OF HUMAN SERVICES, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Kenneth DeWayne Lee Van Buren, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on February 11, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.)  The Court subsequently granted leave to proceed *in forma pauperis*.  (D.E. 5.)[1]  On October 28, 2013, U.S. Magistrate Judge Charmiane G. Claxton issued a Report and Recommendation ("R&R") in which she recommended that the case be dismissed *sua sponte*. (D.E. 7.)  Objections to the R&R were due on or before November 15, 2013. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  However, Plaintiff has filed no objections.

Plaintiff's complaint alleges that the Tennessee Department of Human Services ("DHS") and Assistant DHS Commissioner of Appeals and Hearings Michelle Waldrop wrongfully discriminated

---

[1] The case was referred to the assigned U.S. Magistrate Judge on March 27, 2013, for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.  (D.E. 6.)

against him in the administration of the federally funded food stamp program.[2]  The Magistrate Judge has recommended dismissal prior to service on the Defendants for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's recommendation.  The Magistrate Judge thoroughly explained her decision, and the issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this Court's jurisprudence.  Therefore, the Court ADOPTS the report and recommendation of the Magistrate Judge.  For the reasons set forth in that report and recommendation, this case is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a court to determine that

---

[2] The official designation for the federal food stamp program is the Supplemental Nutrition Assistance Program, or SNAP.

2

a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim and for lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee[3] or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

[3] Effective December 1, 2013, the appellate filing fee increased to $500.  Pursuant to 28 U.S.C. § 1917, the district court also charges a $5 fee for filing the notice.

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court.  A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.